# EXHIBIT E



**THE HARTFORD**

PO Box 14869
Lexington, KY 40512
888-277-4767

## Medical Information Request

| To: Dr. Eugene Gibilaro | From: The Hartford Disability |
|---|---|
| Employer: NATIONAL GRID | Date: 09/15/2023 |
| Fax Number: 7187486487 | Sender's Fax Number: 833-357-5153 |
| | CLAIM NUMBER: 36508451 |
| Phone number: | Sender's Phone Number: 888-277-4767 |
| Re: Luciano Russo | |
| Date of Birth: 8/7/1972 | |

**\*\* REQUEST FOR MEDICAL INFORMATION \*\***

Dear Dr. Eugene Gibilaro,

I am the Medical Case Manager assigned to your above named patient related to a claim for Long Term Disability (LTD) benefits.

As a part of Luciano Russo's disability claim, we recently had a medical consultant review their medical information and records. Attached is the Medical Consultant's report for your review.

We are sending you a copy to afford you an opportunity to review and provide any comments you would like to share in the space provided below. If you are not in agreement with the outcome of this report, please provide additional medical evidence to support your opinion. If you wish to respond, please do so to our confidential fax at 833-357-5153.

If we do not receive a response or any additional medical information from you within 5 business days, we will make a claims decision based on the information we currently have in our file, including the attached medical consultant's assessment.

Your signature below, without additional comments, indicates you have reviewed and agree with our medical consultant's assessment.

Provider Signature: _EUGENE GIBILARO, M.D., F.C.C.P._  Date signed: 9/19/23
623 Bay Ridge Parkway, Ground Floor
Brooklyn, New York 11209

Print Provider Name: _____

If you have questions or need help, you can call us at **888-277-4767** between 8:00 AM and 8:00 PM ET, Monday through Friday or visit us online at https://abilityadvantage.thehartford.com. We're here to help.

Your underwriting company is HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY. The Hartford Financial Services Group, Inc., (NYSE: HIG) operates through its subsidiaries, including underwriting companies Hartford Life and Accident Insurance Company and Hartford Fire Insurance Company, under the brand name, The Hartford®, and is headquartered at One Hartford Plaza, Hartford, CT 06155. For additional details, please read The Hartford's legal notice at www.thehartford.com. The Hartford is the administrator for certain group benefits business written by Aetna Life Insurance Company and Talcott Resolution Life Insurance Company (formerly known as Hartford Life Insurance Company). The Hartford also provides administrative and claim services for employer leave of absence programs and self-funded disability benefit plans.

Disclaimer: This message is intended only for the use of the individual or entity to which it is addressed and may contain confidential and/or proprietary information. If you are not the intended recipient or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you received this communication in error, please notify the sender at the phone number above.

Enclosed:

MAY/09/2023/TUE 04:22 PM  FAX No.  P. 006/021

Claim Number: 36508451

I understand that once my information is given out as allowed in this form, federal privacy laws may not protect it and it may be re-disclosed by The Hartford. I also understand that information disclosed pursuant to this Authorization may be subject to re-disclosure by the recipient. The Authorizations set forth herein expire two years from the date listed below, or upon my written revocation, if earlier, except as may be reasonably necessary to prevent or detect perpetration of a fraud, adjudicate a benefits claim, respond to regulatory or similar complaints, or protect the personal safety of others or myself. I understand that if The Hartford is the administrator of my employer's self-insured disability program or leave program that my employer is entitled to receive my records without this Authorization. I understand that a revocation of this Authorization is not effective to the extent that any of my Record Holders or The Hartford has relied on this Authorization or to the extent that the Hartford has a legal right to contest a claim for benefits or to contest the policy. If I do not sign this Authorization, The Hartford may not be able to review my claim and determine whether I am eligible for benefits. This may result in a delay or denial of my request for benefits.

The information released under this Authorization can be submitted to The Hartford electronically, by phone or fax, or by mail. I agree that a copy of this Authorization may be treated as a signed original. I understand that I am entitled to receive a copy of this Authorization upon request. If there is a conflict between a prior request for restriction on the disclosure of My Information and this Authorization, this Authorization will control.

**NOTICE TO INFORMATION PROVIDERS:**
The Genetic Information Nondiscrimination Act of 2008 (GINA) prohibits employers and other entities covered by GINA Title II from requesting or requiring genetic information of an individual or family member of the individual, except as specifically allowed by this law. To comply with this law, we are asking that you not provide any genetic information when responding to this request for medical information. "Genetic Information" as defined by GINA, includes an individual's family medical history, the results of an individual's or family members genetic tests, the fact that an individual or an individuals' family member sought or received genetic services, and genetic information of a fetus carried by an individual or an individual's family member or an embryo lawfully held by an individual or family member receiving assistive reproductive services. Please note that it is appropriate under GINA to provide family medical history when an employee is requesting leave to care for a family member.



_Luciano A. Russo_   5/9/23
Signature of Claimant or Legal Representative   Date

Name and Relationship to Claimant (If signed by Legal Representative)

Form must be signed and dated.

LC-7706v2   Page 2 of 2   12/2020

DCN:230599021982  Page:007  Sequence:SWF0509202300003080  TimeStamp: 17:40:35:PM



**ABSENCE SERVICES GROUP**

## MEDICAL FILE REVIEW

CLAIMANT: Luciano Russo
DOB: 08/07/1972
DOD: 09/26/2022
CLAIM #: 36508451
REPORT DATE: 09/14/2023
DATE RECEIVED: 08/30/2023
RECEIVED FROM: Marubalyn Aparis
COMPLETED FOR: The Hartford
COMPLETED BY: Dalia Ibrahim-Abdelaziz, M.D.

### DISCLAIMER

The opinions expressed by the undersigned are based on review of all the data provided by the referral source and any written or verbal correspondence with the claimant's attending physician(s). This review did not involve an evaluation of the claimant.

### SYNOPSIS

The claimant is a 51-year-old male with a history of chronic abdominal pain with irritable bowel syndrome and pelvic floor dysfunction who is claiming functional impairment secondary to symptoms of these conditions.

### REFERRAL QUESTIONS

1. Based on the totality of the evidence provided from 09/26/22-12/27/22 and from 12/28/22 through present and beyond, address functional abilities, restrictions and limitations for the activities listed below (only if applicable), noting that we will conclude there are no restrictions on the activity unless specified in your report. Include rationale for any restrictions and limitations.
* The hours at a time and total hours/workday that the claimant can: sit, stand, walk.
* Amount of weight s/he can lift/carry/push/pull, to include frequency (i.e., constantly, frequently, occasionally, and never)
* Ability to use upper extremities (non-load bearing) to reach above shoulder, at desk/bench level, handle, finger and feel? When answering this question, please list the frequency s/he is able to perform these tasks (i.e., constantly, frequently, occasionally, and never).
* Ability to perform any other activities such as drive, climb, bend at waist (stooping), balance, kneel/crouch, etc., to include frequency if limited.
2. Based on the restrictions and limitations designated above, are there any limitations in the number of hours per day and days per week the claimant is capable of working? If so, please explain any limitations and provide the maximum hours per day and days per week the claimant is capable of working. Please provide specific hours, do not include ranges.

Luciano Russo
Page 2 of 6

3. Provide your rationale for any restrictions and limitations or rationale if your opinion is that restrictions and limitations are not needed.
4. Only if your assessment indicates functional capabilities are impaired, address the prognosis for improvement? Please include timeframe for expected improvement and expected degree of improvement.
5. Please provide the frequency and duration needed for bathroom breaks/access during an 8-hour day
6. Please indicate what the impairing diagnoses are (Please provide ICD10 codes as well).

## DOCUMENTS REVIEWED

I have reviewed the submitted 30 pages of records in their entirety, including but not limited to:
- Records from Dr. Eugene Gibilaro, M.D., Internal Medicine, from 11/9/2021 to 8/16/2023
- Records from Dr. Paul Piccione, M.D., Gastroenterology, on 5/9/2023
- Records from Dr. Mladen Solar, M.D., Cardiology, on 12/20/2022

## RESTRICTIONS AND LIMITATIONS per attending physician(s)

An Attending Physician Statement of Disability was submitted by Dr. Eugene Gibilaro, M.D., Internal Medicine, on 5/9/2023. He states that the claimant has a diagnosis of fever and abdominal pain. He states that the claimant can sit intermittently with standard breaks and needs to be in close proximity to a bathroom. He states that the claimant can occasionally drive, weight bear, climb, bend, max lift and carry 20 pounds, squat/kneel, perform fine manipulation, perform gross manipulation, reach above the shoulders, and reach below the shoulders.

An Attending Physician Statement of Disability was submitted by Dr. Paul Piccione, M.D., Gastroenterology, on 7/7/2023 stating that the claimant has a diagnosis of pelvic floor dysfunction. He states that the claimant can continuously sit and also states that he can intermittently sit with standard breaks and requires frequent trips to the bathroom. He states that the claimant can occasionally drive, weight bear, climb, bend, max lift and carry up to 20 pounds, squat/kneel, perform fine manipulation, perform gross manipulation, reach above the shoulders and reach below the shoulders.

## ATTENDING PHYSICIAN TELECONFERENCE

Dr. Paul Piccione, M.D., Gastroenterology; phone 718-748-5219
- Call was attempted 09/11/2023 at 10:00 am PST. Message left on voicemail requesting call back.
- Call was attempted 09/12/2023 at 11:00 am PST. Message left on voicemail requesting call back.

Dr. Eugene Gibilaro, M.D., Internal Medicine; phone 718-630-5408
- Call was attempted 09/11/2023 at 10:15 am PST. Message left on voicemail requesting a call back.
- Call was attempted 09/12/2023 at 11:15 am PST. Message left on voicemail requesting call back.

Questions to be asked of Dr. Paul Piccione, M.D., Dr. Eugene Gibilaro, M.D.:
1. What is your opinion of the claimant's functional capacity?

Luciano Russo
Page 3 of 6

2. What restrictions and limitations do you feel are necessary for the claimant given his medical conditions?
3. Do you feel that the claimant's diagnoses have a significant impact on his ability to concentrate, maintain focus, and make critical decisions?
4. In your opinion, what is the claimant's prognosis for improvement?
5. Is the claimant able to maintain a full day of work for 40 hours a week?
6. Please discuss the claimant's treatment history, plan, any diagnostic tests, and recommendations.
7. Please discuss if there have been any medications prescribed and, any reported side effects from medications change, if applicable?
8. Is there anything else you would like to tell me about this claimant's situation?
9. Are there any factors of relevance that are not documented in the clinical notes?

## MEDICAL HISTORY

The claimant is a 51-year-old male with a history of chronic abdominal pain with irritable bowel syndrome and pelvic floor dysfunction who is claiming functional impairment secondary to symptoms of these conditions.

The claimant was seen by Dr. Eugene Gibilaro, M.D., Internal Medicine, on 5/9/2023. He states that the claimant has issues with bowel movements, stress, and swelling of the anus. Physical examination done was normal. He states that the claimant has significant anxiety and irritable bowel syndrome and cannot be away from the bathroom. An Attending Physician Statement of Disability was submitted by Dr. Eugene Gibilaro, M.D., Internal Medicine, on 5/9/2023. He states that the claimant has a diagnosis of fever and abdominal pain. He states that the claimant can sit intermittently with standard breaks and needs to be in close proximity to a bathroom. He states that the claimant can occasionally drive, weight bear, climb, bend, max lift and carry 20 pounds, squat/kneel, perform fine manipulation, perform gross manipulation, reach above the shoulders, and reach below the shoulders.

The claimant was seen by Dr. Paul Piccione, M.D., Gastroenterology, from 11/9/2021 to 8/16/2023. The claimant had an upper endoscopy with Dr. Piccione on 11/9/2021 found to have esophagitis, a hiatal hernia, chronic gastritis, and duodenitis. Colonoscopy was done with Dr. Piccione on 8/16/2022 found to have 2nd degree hemorrhoids and a redundant colon. The claimant was seen by Dr. Piccione on 7/7/2023 with complaints of abdominal pain and frequent trips to the bathroom. He states that it has worsened since the death of his father and the end of his marriage. He had the patient go on a gerd diet, a low residue diet, a low lactose diet, and a low fat diet. An Attending Physician Statement of Disability was submitted by Dr. Paul Piccione, M.D., Gastroenterology, on 7/7/2023 stating that the claimant has a diagnosis of pelvic floor dysfunction. He states that the claimant can continuously sit and also states that he can intermittently sit with standard breaks and requires frequent trips to the bathroom. He states that the claimant can occasionally drive, weight bear, climb, bend, max lift and carry up to 20 pounds, squat/kneel, perform fine manipulation, perform gross manipulation, reach above the shoulders and reach below the shoulders.

A letter from Dr. Piccione was submitted on 8/31/2022 stating that Mr. Russo has been a patient of his since 2015. He states that the claimant has a history of severe IBS, spastic colon colitis, abdominal pain, cramping, bloating, constipation, and diarrhea. He states that he has episodes of flare ups periodically and needs to make frequent visits to the bathroom. He states that he would need remote work to accommodate this. A response to the insurance was sent by Dr.

Luciano Russo
Page 4 of 6

Piccione on 8/16/2023 stating that the claimant is capable of performing a full time sedentary occupation. He states that the claimant needs a personal bathroom and can be in the bathroom 45-60 times a day depending on the day.

The claimant was seen by Dr. Mladen Solar, M.D., Cardiology, on 12/20/2022. He had an echocardiogram stress test which was normal, and a transthoracic echo done which showed mild mitral and tricuspid regurgitation, mild pulmonary insufficiency, and left ventricular diastolic dysfunction.

## MEDICAL ANALYSIS

The claimant is a 51-year-old male with a history of chronic abdominal pain with irritable bowel syndrome and pelvic floor dysfunction who is claiming functional impairment secondary to symptoms of these conditions. The claimant has been seen by multiple providers with a confirmed diagnosis of irritable bowel syndrome with abdominal pain and frequent bowel movements in a day. He has had procedures done which were normal. He has reported frequent bowel movements every day requiring multiple trips to the bathroom during his workday. Based on the documentation provided, the analysis of functional capacity is straightforward. In my analysis the claimant has no clear evidence of functional impairment and has no significant restrictions or limitations with respect to functional capacity due to a diagnosis of chronic abdominal pain with irritable bowel syndrome and pelvic floor dysfunction. There is no clear evidence of functional limitations, thus rendering my medical opinion of his functional capacity to not be impaired from the time period of 09/26/22-12/27/22 and from 12/28/22 through present and beyond.

## CONCLUSIONS

1. Based on the totality of the evidence provided from 09/26/22-12/27/22 and from 12/28/22 through present and beyond, address functional abilities, restrictions and limitations for the activities listed below (only if applicable), noting that we will conclude there are no restrictions on the activity unless specified in your report. Include rationale for any restrictions and limitations.
* The hours at a time and total hours/workday that the claimant can: sit, stand, walk.
* Amount of weight s/he can lift/carry/push/pull, to include frequency (i.e., constantly, frequently, occasionally, and never)
* Ability to use upper extremities (non-load bearing) to reach above shoulder, at desk/bench level, handle, finger and feel? When answering this question, please list the frequency s/he is able to perform these tasks (i.e., constantly, frequently, occasionally, and never).
* Ability to perform any other activities such as drive, climb, bend at waist (stooping), balance, kneel/crouch, etc., to include frequency if limited.

Based on the evidence provided, the claimant does not have restrictions and limitations from 09/26/22-12/27/22 and from 12/28/22 through present and beyond. The claimant can sit, stand, and walk constantly with standard breaks for 8 hours in an 8 hour day. The claimant can frequently drive, climb, bend at the waist, stoop, balance, kneel/crouch, max lift and carry up to 20 pounds, reach above the shoulders, reach at desk level, and reach below the shoulders, can perform fine manipulation, and can perform gross manipulation without restriction or limitation.

Luciano Russo
Page 5 of 6

2. Based on the restrictions and limitations designated above, are there any limitations in the number of hours per day and days per week the claimant is capable of working? If so, please explain any limitations and provide the maximum hours per day and days per week the claimant is capable of working. Please provide specific hours, do not include ranges.

There is no limitation in the number of hours per day and days per week the claimant is capable of working.

3. Provide your rationale for any restrictions and limitations or rationale if your opinion is that restrictions and limitations are not needed.

The claimant does not have significant restrictions and limitations. The claimant has been seen by multiple providers with a confirmed diagnosis of irritable bowel syndrome with abdominal pain and frequent bowel movements in a day. He has had procedures done which were normal. He has reported frequent bowel movements every day requiring multiple trips to the bathroom during his workday. Based on the documentation provided, the analysis of functional capacity is straightforward. In my analysis the claimant has no clear evidence of functional impairment and has no significant restrictions or limitations with respect to functional capacity due to a diagnosis of chronic abdominal pain with irritable bowel syndrome and pelvic floor dysfunction. There is no clear evidence of functional limitations, thus rendering my medical opinion of his functional capacity to not be impaired from the time period of 09/26/22-12/27/22 and from 12/28/22 through present and beyond.

4. Only if your assessment indicates functional capabilities are impaired, address the prognosis for improvement? Please include timeframe for expected improvement and expected degree of improvement.

Functional capabilities are not significantly impaired. Please see question number 1 above.

5. Please provide the frequency and duration needed for bathroom breaks/access during an 8-hour day

The claimant can function with standard breaks for bathroom use. He should not have any restrictions and limitations in regard to this other than he should have access to a bathroom nearby.

6. Please indicate what the impairing diagnoses are (Please provide ICD10 codes as well).

The claimant has a diagnosis of irritable bowel syndrome (ICD 10 K58.9).

Luciano Russo
Page 6 of 6

*I certify that this report was prepared solely by me and that I have no conflict of interest with this review. I further attest that I have no incentive, financial or otherwise to provide a particular determination, and that my opinion is based on my independent, impartial and professional assessment of the information provided for review.*

SIGNATURE

*[signature]*

Dalia Ibrahim-Abdelaziz, MD
Diplomate, American Board of Internal Medicine
Board Certified in Gastroenterology
Active License in CA
Medical Consultant, Brown & Brown Absence Services Group